IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHAN THEORTHELI THIGPEN, #191396, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 2:20-cv-738-ECM-SMD [WO] |
| KAY IVEY, *et al.*, | ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Nathan Theortheli Thigpen, an inmate currently confined at the Easterling Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). On September 17, 2020, the Court directed Plaintiff to pay a partial filing fee of $3.33 on or before October 8, 2020. (Doc. 3) p. 2. The Court cautioned Plaintiff that his failure to do so would result in a recommendation that this case be dismissed without prejudice. *Id.* at 3. On October 14, 2020, the Court extended Plaintiff's time to file the partial filing fee to October 22, 2020. (Doc. 5) p. 1. To date, Plaintiff has failed to pay the fee.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d

1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to pay the partial filing fee in compliance with the Court's September 17, 2020 order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **February 18, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of February, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE